**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
**KACHELLE A. BAXTER**
Oregon State Bar ID Number 120659
kachelle@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Jordan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL JORDAN**, an individual consumer,<br><br>Plaintiff,<br><br>v.<br><br>**LVNV FUNDING LLC,** a limited liability company, and **RESURGENT CAPITAL SERVICES, LP,** a foreign limited partnership,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Fair Debt Collection Practices Act (15 U.S.C. 1692 *et. seq.*; Invasion of Privacy<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION AND JURISDICTION

1.    This is an action for damages brought by an individual consumer for violations of

COMPLAINT
- Page 1 -

the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* ("FDCPA") and Invasion of Privacy.

2.   This Court has jurisdiction of the FDCPA claims under 15 U.S.C. 1692c, 15 U.S.C. 1692d, 15 U.S.C. 1692e, 15 U.S.C. 1692f, 15 U.S.C. 1692g, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.   This Court has personal jurisdiction over LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") because they made or caused collection attempts within Oregon, for the purpose of collecting of an alleged debt by an Oregon consumer. In addition, also affirmatively consented to jurisdiction in Oregon by registering to do business here.

4.   LVNV and Resurgent purposefully availed themselves of the privilege of doing business in Oregon, and purposefully directed its business activities into this state—and it is those contacts with this forum from which the claims of Plaintiff arise out of and relate. Plaintiff's injuries directly relate to and arise out of LVNV's and Resurgent's affirmative efforts to serve and collect debts from Oregon consumers, and maintenance of this action in this District therefore does not offend traditional notations of fair play and substantial justice. The Court has personal jurisdiction over LVNV and Resurgent.

5.   Venue is proper in this District because Plaintiff resides and incurred the statutory violations by LVNV and Resurgent at issue in Oregon, and because LVNV and Resurgent transact business in Oregon.

## II. IDENTIFICATION OF THE PARTIES

6.   Plaintiff Michael Jordan ("Plaintiff") is a natural person residing in Washington County, Oregon and is a consumer as defined by the FDCPA, 15 U.S.C. §

1692a.

7. Defendants LVNV and Resurgent are "debt collector[s]" within the meaning of 15 U.S.C. § 1692a. The alleged debts at issue are consumer debts as "debt" is defined in 15 U.S.C. § 1692a. The first alleged debt is a debt for a person named Michael Jordan with a Bank of Missouri account number ending 3263. Bank of Missouri sold or transferred the Bank of Missouri debt to LVNV. Resurgent attempted to collect the debt on behalf of LVNV. The second alleged debt is a debt for a person named Michael Jordan with a Webbank, account ending 8065. Webbank sold or transferred the Webbank debt to LVNV. First Credit Services Inc. attempted to collect the debt on behalf of LVNV.

### III. FACTUAL ALLEGATIONS

8. On or about April 10, 2024, plaintiff received an electronic mail ("e-mail") collection notice from Resurgent. Resurgent was collecting for the current owner, LVNV on the original creditor Bank of Missouri (hereafter referred to as the "LVNV/Bank of Missouri debt"). The current balance listed was $554.74 on account ending 3263.

9. On or about April 12, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt. This notice stated that plaintiff was on the prelegal track and his account may be referred to an attorney.

10. On or about April 14, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

11. On or about April 16, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

12. On or about April 18, 2024, plaintiff received an e-mail collection notice from

- Page 3 -

Resurgent for the LVNV/Bank of Missouri debt.

13. On or about April 20, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

14. On or about April 22, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt. This notice stated that plaintiff was on the prelegal track and his account may be referred to an attorney.

15. On or about April 23, 2024, plaintiff mailed a letter dated April 22, 2024, to Resurgent via certified mail. Plaintiff disputed the LVNV/Bank of Missouri debt and requested validation of the debt. Plaintiff also requested all further attempts to collect cease, including e-mail and telephone contact. Plaintiff requested the debt validation letter be sent to him via his mailing address, which plaintiff provided to Resurgent to facilitate hard-copy correspondence. United States Postal Service tracking information indicates this dispute letter was delivered on April 26, 2024.

16. On or about April 24, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

17. On or about April 26, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

18. On or about April 28, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

19. On or about April 30, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

20. On or about May 2, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt. This notice stated that plaintiff was on the

prelegal track and his account may be referred to an attorney.

21. On or about May 4, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

22. On or about May 6, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

23. On or about May 8, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

24. On or about May 20, 2024, plaintiff received a letter from Resurgent dated May 10, 2024. The letter states Resurgent manages the account for LVNV and initiated a review of the inquiry (reference plaintiff's letter dated April 22, 2024; received by Resurgent on or about April 26, 2024) recently received.

25. On or about May 21, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt. This notice stated that plaintiff was on the prelegal track and his account may be referred to an attorney.

26. On or about May 21, 2024, plaintiff received a letter from Resurgent dated May 13, 2024. The letter states it received a recent inquiry (reference plaintiff letter dated April 22, 2024; received by Resurgent on or about April 26, 2024) and enclosed the account summary which provides verification of the debt. Included with this letter was a Visa statement, with account ending 3263, addressed to a Michael Jordan with an address in Soperton Georgia. Also included was an "Account Summary Report" which created a false record that associated plaintiff's name and address in Oregon with the LVNV/Bank of Missouri debt and is reiterated/republished in subsequent contact between plaintiff and Resurgent and Credit Control on behalf of LVNV..

27. On or about May 22, 2024, plaintiff mailed a letter to Resurgent via certified mail. Plaintiff stated that the verification sent to him proved that he was **NOT** the Michael Jordan associated with the LVNV/Bank of Missouri debt being collected. Plaintiff stated he never resided in Georgia nor had any financial dealings or association with the Bank of Missouri. Plaintiff also reiterated that his previous letter to Resurgent (reference plaintiff latter dated April 23, 2024; received by Resurgent on or about April 26, 2024) requested collection attempts via e-mail and telephone cease. United States Postal Service tracking information indicates this dispute letter was received by Resurgent on or about May 28, 2024. Despite this being the second request for LVNV and Resurgent to cease all debt collection attempts via-email, plaintiff continued to receive electric correspondence attempting to collect a debt that does not belong to him.

28. On or about May 23, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

29. On or about May 27, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

30. On or about May 29, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

31. On or about May 31, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt. This notice stated that actively paying on the account would remove it from the prelegal track.

32. On or about June 2, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

33. On or about June 4, 2024, plaintiff received an e-mail collection notice from

Resurgent for the LVNV/Bank of Missouri debt.

34. On or about June 6, 2024, plaintiff received an e-mail collection notice from Resurgent for the LVNV/Bank of Missouri debt.

35. On or about June 20, 2024, plaintiff received a letter from Resurgent dated June 8, 2024. The letter states Resurgent manages the account for LVNV and initiated a review of the inquiry (reference plaintiff's letter dated May 22, 2024; received by Resurgent on or about May 28, 2024) recently received.

36. On or about June 26, 2024, plaintiff received a letter from Resurgent dated June 18, 2024. The letter states it received a recent inquiry (reference plaintiff's letter dated May 22, 2024; received by Resurgent on or about May 28, 2024) and enclosed the account summary which provides verification of the debt. Included with this letter was the same Visa statement provided previously, with account ending 3263, addressed to a Michael Jordan with an address in Soperton Georgia. Also included was the same "Account Summary Report" provided previously, which reiterated the false record that associated plaintiff's name and address in Oregon with the LVNV/Bank of Missouri debt.

37. On or about July 13, 2024, plaintiff received a collection letter from Credit Control, LLC. Credit Control, LLC was now attempting to collect the LVNV/Bank of Missouri debt. Thus, after plaintiff disputed the LVNV Bank of Missouri debt with Resurgent twice, LVNV then sold or transferred the debt to Credit Control, LLC in an attempt to collect a debt LVNV knew or had reason to know does not belong to plaintiff.

38. On or about July 30, 2024, plaintiff mailed two letters to Credit Control via certified mail, one to each of the addresses listed in Credit Control's collection letter dated July 13, 2024. Plaintiff stated again that he disputed the debt and stated that he was **NOT** the Michael

Jordan associated with the LVNV/Bank of Missouri debt being collected. Plaintiff stated that Resurgent had previously attempted to collect this debt from him and included copies of his dispute letters that had been sent to Resurgent. Plaintiff again disputed ownership of the debt and stated it was fraudulent. Plaintiff stated "YOU HAVE THE WRONG "MICHAEL JORDAN." United States Postal Service tracking information indicates this dispute letter was delivered on or about August 12, 2024.

39.  On or about August 23, 2024, plaintiff received a letter from Resurgent dated August 14, 2024. The letter states Resurgent manages the account for LVNV and has initiated a review of the inquiry (reference plaintiff's letter dated July 30, 2024; received by Credit Control, LLC on or about August 12, 2024) received from Credit Control LLC, the current servicer of the LVNV/Bank of Missouri debt.

40.  On or about August 23, 2024, plaintiff received a letter from Resurgent dated August 14, 2024. The letter states it received a recent inquiry (reference plaintiff's letter dated July 30, 2024; received by Credit Control, LLC on or about August 12, 2024) and enclosed the account summary which provides verification of the debt. Included with this letter was the same Visa statement provided previously, with account ending 3263, addressed to a Michael Jordan with an address in Soperton Georgia. Also included was the same "Account Summary Report" provided previously, which reiterated the false record that associated plaintiff's name and address in Oregon with the LVNV/Bank of Missouri debt.

41.  On or about August 26, 2024, plaintiff received a letter from Resurgent dated August 16, 2024. The letter states it received a recent inquiry (reference plaintiff's letter dated July 30, 2024; received by Credit Control, LLC on or about August 12, 2024) and enclosed the account summary which provides verification of the debt. Included with this letter was the same

Visa statement provided previously, with account ending 3263, addressed to a Michael Jordan with an address in Soperton Georgia. Also included was the same "Account Summary Report" provided previously, which reiterated the false record that associated plaintiff's name and address in Oregon with the LVNV/Bank of Missouri debt.

42. On or about December 17, 2024, First Credit Services, Inc. sent plaintiff an e-mail collection notice. The e-mail required plaintiff to click on a link to see a message regarding "your LVNV Funding LLC Account." Plaintiff clicked the link was there was a collection letter from First Credit Services, Inc. The debt being collected was LVNV account number ending 3181, for creditor Webbank in the amount of $451.06 (hereafter referred to as the "LVNV/Webbank debt").

43. Plaintiff does not have a Webbank debt. LVNV knew or should have known that it had previously attempted to collect a debt from plaintiff that he did not belong to him (LVNV/Bank of Missouri debt), and despite this knowledge, LVNV sent this second debt to a third collector attempting to collect a debt plaintiff did not owe from plaintiff.

44. On or about February 22, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

45. On or about February 27, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

46. On or about March 4, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

47. On or about March 10, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

48. On or about March 15, 2025, First Credit Services, Inc. sent plaintiff an e-mail

collection notice for the LVNV/Webbank debt.

49. On or about March 20, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

50. On or about March 25, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

51. On or about March 31, 2025, First Credit Services, Inc. sent plaintiff an e-mail collection notice for the LVNV/Webbank debt.

52. Plaintiff worried and feared the false collections would be found out by his employer and effect his ability to maintain and/or advance in his job. Plaintiff was embarrassed by the prospect of someone attributing these false debts to him when he paid his bills on time. Plaintiff was distressed and frustrated when his requests that the collection attempts cease were ignored. Plaintiff was further distressed and frustrated when the "verification" letters came back stating the debt collectors were going to continue collecting from him despite the debt not belonging to him. Plaintiff did not owe these debts but had to take time out of his day and away from his children to attempt to resolve the matter to no avail.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et. seq.*

53. Plaintiff incorporates paragraphs 1 - 52 as if fully set forth herein.

54. Defendants violated the Fair Debt Collection Practices Act in the following ways:

    a. Communicating with the consumer after the consumer has notified the

collected in writing to cease communication, in violation of 15 U.S.C. § 1692c(c);

b. Harassing a person in connection with the collection of a debt, in violation of 15 U.S.C. 1692d;

c. Using false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

d. The unfair or unconscionable collection of any amount unless such amount is expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. 1692f;

e. Failing to respond to plaintiff's request for validation of the debt within five days, in violation of 15 U.S.C. § 1692g;

55. As a result of Defendants' violations of the Fair Debt Collection Practices Act, plaintiff was caused to suffer worry, fear, distress, embarrassment, all to his damages in a reasonable amount to be determined by the jury.

56. Plaintiff is entitled to his statutory damages of $1,000, pursuant to 15 U.S.C. 1692k.

57. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1692k.

SECOND CLAIM FOR RELIEF

INVASION OF PRIVACY

58. Plaintiff realleges paragraphs 1 through 52 as if fully set forth herein.

59. Defendants' conduct intentionally intruded on plaintiff's solitude, seclusion and/or privacy. Defendants' conduct was highly offensive to plaintiff and

would be highly offensive to a reasonable person. Defendants acted with malice or willful intent to injure plaintiff.

60.     Defendants' conduct caused plaintiff to suffer damages including invasion of his privacy, intrusion of his solitude and seclusion, emotional distress, frustration, mental anguish, economic loss, and interference with his normal and usual activities for which plaintiff seeks damages in a reasonable amount to be determined by a jury.

61.     Plaintiff seeks punitive damages in a reasonable amount to be determined by a jury.

## V. TRIAL BY JURY

62.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## VI. PRAYER

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1. On Plaintiff's First Claim for Relief:

    a. Actual damages in a reasonable amount to be determined by the jury.

    b. Statutory damages of $1,000, pursuant to 15 U.S.C. 1692k.

2. On Plaintiff's Second Claim for Relief:

    a. Actual damages in a reasonable amount to be determined by a jury.

    b. Punitive damages in a reasonable amount to be determined by a jury.

DATED this 7thday of April, 2025.

Respectfully submitted,

*s/ Justin M. Baxter*
JUSTIN M. BAXTER
Oregon State Bar ID Number 992178
justin@baxterlaw.com

KACHELLE A. BAXTER
Oregon State Bar ID Number 120659
kachelle@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

Attorneys for Plaintiff Jordan