Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile:  (503) 974-1673

      Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL JORDAN,<br><br>      Plaintiff,<br><br>  v.<br><br>LVNV FUNDING LLC, a limited liability company, and RESURGENT CAPITAL SERVICES, LP, a foreign limited partnership,<br><br>      Defendants. | Case No. 3:25-cv-00560-JR<br><br><br>**DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** |

Defendant Resurgent Capital Services, LP ("Resurgent"), for itself and for no other party, hereby answers the First Amended and Supplemental Complaint ("FAC") of Plaintiff Michael Jordan ("Plaintiff") as follows:

## I.  INTRODUCTION AND JURISDICTION

1.     Resurgent admits only that the FAC attempts to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Oregon Unlawful Debt Collection Practices Act, O.R.S. 646.641 ("UDCPA"), and alleged invasion of privacy, but

Page 1 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

denies any liability or wrongdoing and further denies that Plaintiff is entitled to any relief. Resurgent denies the remaining allegations in Paragraph 1 of the FAC.

2.      The allegations in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, Resurgent admits that the FAC purports to assert a claim that gives rise to federal question jurisdiction.  Except as specifically admitted herein, Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3.      The allegations in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, Resurgent admits only that it is registered with the Oregon Secretary of State but denies the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is required, Resurgent admits only that it is registered with the Oregon Secretary of State but denies the remaining allegations in Paragraph 4.

5.      Resurgent denies the allegations in Paragraph 5, based in part on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

## II.  IDENTIFICATION OF THE PARTIES

6.      The allegations in Paragraph 6 constitute conclusions of law to which no response is required.  To the extent a response is required, Resurgent denies the allegations in Paragraph 6 as Plaintiff is not the person alleged to be obligated on, or alleged to owe, the accounts referenced in the FAC.

7.      The allegations in Paragraph 7 constitute conclusions of law to which no response is required.  To the extent a response is required, Resurgent denies the allegations in Paragraph 7 as Plaintiff is not the person alleged to be obligated on, or alleged to owe, the accounts referenced in the FAC.

///

Page 2 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

### III.  FACTUAL ALLEGATIONS

8.      Resurgent admits that it is the authorized master servicer for LVNV.  Resurgent denies the remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 relate to an account for which Plaintiff is not the person alleged to be obligated on or alleged to owe and, thus, do not require a response from Resurgent.  To the extent a response is required, Resurgent admits that the information relating to the referenced account and to any transfers of the account speak for themselves.  Resurgent denies the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 relate to an account for which Plaintiff is not the person alleged to be obligated on or alleged to owe and, thus, do not require a response from Resurgent.  To the extent a response is required, Resurgent admits that the information relating to the referenced account and to any transfers of the account speak for themselves.  Resurgent denies the remaining allegations in Paragraph 10.

11.     The allegations in Paragraph 11 relate to an account for which Plaintiff is not the person alleged to be obligated on or alleged to owe and, thus, do not require a response from Resurgent.  To the extent a response is required, Resurgent admits that the information relating to the referenced account and to any transfers of the account speak for themselves.  Resurgent denies the remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 relate to an account for which Plaintiff is not the person alleged to be obligated on or alleged to owe and, thus, do not require a response from Resurgent.  To the extent a response is required, Resurgent admits that the information relating to the referenced account and to any transfers of the account speak for themselves.  Resurgent denies the remaining allegations in Paragraph 12.

13.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of

Page 3 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

such emails.  Resurgent denies the remaining allegations in Paragraph 13, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

14.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 14, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

15.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 15, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

16.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 16, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

17.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 17, in part based on a lack

Page 4 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

18. Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails. Resurgent denies the remaining allegations in Paragraph 18, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

19. Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails. Resurgent denies the remaining allegations in Paragraph 19, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

20. Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same. Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails. Resurgent denies the remaining allegations in Paragraph 21, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

Page 5 - **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

22.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 22, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

23.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 23, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

24.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 24, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

25.     Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 25, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

///

Page 6 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

26.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 26, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

27.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 27, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

28.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 28, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

29.    Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same.  Resurgent denies the remaining allegations in Paragraph 29, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

30.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 30, in part based on a lack

Page 7 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

31.    Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same.  Resurgent denies the remaining allegations in Paragraph 31, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

32.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 33, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

34.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 34, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

35.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails. Resurgent denies the remaining allegations in Paragraph 35, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and

Page 8 - **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

36.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 36, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

37.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 37, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

38.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 38, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

39.    Resurgent admits that certain email communications occurred, the contents of which speak for themselves, but denies any inconsistent characterizations or representations of such emails.  Resurgent denies the remaining allegations in Paragraph 39, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

40. Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same. Resurgent denies the remaining allegations in Paragraph 40, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

41. Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same. Resurgent denies the remaining allegations in Paragraph 41, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

42. Resurgent denies the allegations in Paragraph 42, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations; and further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

43. Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

44. Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same. Resurgent denies the remaining allegations in Paragraph 44, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

45. Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same. Resurgent denies the remaining allegations in Paragraph 45, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

///

Page 10 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

46.     Resurgent admits that the letter referenced speaks for itself, and denies any inconsistent characterizations or representations of the same.  Resurgent denies the remaining allegations in Paragraph 46, in part based on a lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

47.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies those allegations.

48.     Resurgent admits that Plaintiff is not the person alleged to be obligated on, or alleged to owe, the referenced account.  Resurgent denies the remaining allegations in Paragraph 48.

49.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies those allegations.

50.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies those allegations.

51.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies those allegations.

52.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies those allegations.

53.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies those allegations.

54.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those allegations.

55.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

56.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies those allegations.

Page 11 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

57.    Resurgent denies the allegations in Paragraph 57 of the FAC.

58.    Resurgent admits the allegations in Paragraph 58.

59.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies those allegations.

62.    Resurgent denies the allegations in Paragraph 62.

63.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

64.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

65.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

66.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

Page 12 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

67.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

68.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

69.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

70.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

71.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

72.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

///

Page 13 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

73.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

74.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

75.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

76.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

77.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

78.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

///

Page 14 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

79.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

80.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

81.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

82.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

83.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

84.    Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

///

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

85.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

86.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

87.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

88.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

89.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

90.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

///

Page 16 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

91.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

92.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

93.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

94.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

95.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

96.     Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies those allegations.  Resurgent further denies that Plaintiff is the person alleged to be obligated on, or alleged to owe, the referenced account.

97.     Resurgent denies the allegations in Paragraph 97.

Page 17 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FAIR DEBT COLLECTION PRACTICES ACT

98.    As to Paragraph 98, Resurgent incorporates by reference all preceding answering paragraphs as if fully set forth herein.

99.    Resurgent denies the allegations in Paragraph 99, including all subparagraphs.

100.    Resurgent denies the allegations in Paragraph 100.

101.    Resurgent denies the allegations in Paragraph 101.

102.    Resurgent denies the allegations in Paragraph 102.

### SECOND CLAIM FOR RELIEF

### INVASION OF PRIVACY

103.    As to Paragraph 103, Resurgent incorporates by reference all preceding answering paragraphs as if fully set forth herein.

104.    Resurgent denies the allegations in Paragraph 104.

105.    Resurgent denies the allegations in Paragraph 105.

106.    Resurgent denies the allegations in Paragraph 106.

### THIRD CLAIM FOR RELIEF

### UNLAWFUL DEBT COLLECTION PRACTICES ACT

107.    As to Paragraph 107, Resurgent incorporates by reference all preceding answering paragraphs as if fully set forth herein.

108.    Resurgent denies the allegations in Paragraph 108, including all subparts.

109.    Resurgent denies the allegations in Paragraph 109.

110.    Resurgent denies the allegations in Paragraph 110.

111.    Resurgent denies the allegations in Paragraph 111.

112.    Resurgent denies the allegations in Paragraph 112.

Page 18 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

## V. TRIAL BY JURY

113.    As to Paragraph 113, Resurgent admits that Plaintiff has indicated an intent to demand a trial by jury in this case.

## VI. PRAYER

114.    In response to any purported allegations in Section VI. of the FAC, Resurgent admits that Plaintiff requests the Court to award actual, statutory, and punitive damages, but denies that Plaintiff is entitled to any such relief and further denies any remaining allegations in this section of the FAC.

## GENERAL DENIAL

115.    Except as specifically admitted above, Resurgent denies each and every allegation in the FAC.

## AFFIRMATIVE DEFENSES

116.    The FAC fails to state factual matter sufficient to constitute a claim against Resurgent that is plausible on its face.

117.    Plaintiff is not the person alleged to be obligated on, or alleged to owe, the accounts referenced in the FAC.

118.    Plaintiff lacks standing because he did not suffer any concrete harm.

119.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

120.    The alleged misrepresentations and/or misconduct (if any) are not material and, therefore, are not actionable under the FDCPA. *See Donahue v. Quick Collect, Inc.*, 593 F.3d 1027 (9th Cir. 2010).

121.    To the extent Plaintiff is able to prove a violation against Resurgent, any such violation was unintentional, nonwillful and resulted from a bona error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

///

Page 19 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

122. Plaintiff's claims are barred, in whole or in part, by the failure to mitigate his alleged damages.

123. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to, resulting from, or arising out of Plaintiff's own conduct.

124. Any violation and/or damages resulted from the fault of Plaintiff or of others for whom Resurgent is not responsible or liable.

125. Plaintiff's state law claim is barred by federal preemption.

126. Resurgent acted in good faith at all times.

127. Plaintiff's claims may be subject to contractual arbitration.

## **RESERVATION OF RIGHT TO AMEND**

128. Resurgent reserves the right to amend and to add further defenses and/or claims as relevant information becomes available.

WHEREFORE, Resurgent prays for judgment in its favor; for dismissal of Plaintiff's claims with prejudice; for Resurgent's costs and disbursements; and for any further relief that the Court may decide is proper.

DATED:  March 19, 2026

SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
Telephone: (971) 302-6236
Fax (503) 974-1673

Attorney for Defendants

Page 20 -  **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** on the date indicated below, and on the following recipients, by:

☐     mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐     hand delivery,

☐     email,

☐     facsimile transmission,

☐     overnight delivery,

☒     electronic filing notification.

Justin M. Baxter
justin@baxterlaw.com
Kachelle A. Baxter
kachelle@baxterlaw.com
Baxter & Baxter LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225

Attorneys for Plaintiff

DATED:  March 19, 2026

*/s/ Robert E. Sabido*
Robert E. Sabido

Page 1 - CERTIFICATE OF SERVICE

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673